**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| VERONICA ANN MADEIROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00475-RCJ-WGC |
| vs. | ) | |
| | ) | |
| FIRST HORIZON HOME LOAN CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy form complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the grants the motions.

**I.   THE PROPERTY**

Veronica Ann Madeiros gave lender First Horizon Home Loan Corp. ("First Horizon") a $555,000 promissory note to purchase real property at 7492 Mackinly Ct., Carson City, NV 89701 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Oct. 9, 2006, ECF No. 5-1). First

1  American was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was
2  the lender's "nominee." (*See id.* 2).  MERS later transferred the note and DOT to First Horizon,
3  but this was superfluous, as First Horizon was the original lender. (*See* Assignment, June 23,
4  2009, ECF No. 5-2).  This transfer may have been a reflexive reaction within the foreclosure
5  process that was unnecessary in this case.  First Horizon substituted Quality Loan Service Corp.
6  ("QLS") as trustee. (*See* Substitution, June 24, 2009, ECF No. 5-3).  On the same day, QLS filed
7  the notice of default ("NOD") based on a default of unspecified amount as of September 1, 2008.
8  (*See* NOD, June 24, 2009, ECF No. 5-4).  The foreclosure was therefore statutorily proper.
9  *See* Nev. Rev. Stat. § 107.080(2)(c).  Two years later, QLS noticed a trustee's sale for July 7,
10 2011. (*See* Notice of Trustee's Sale ("NOS"), June 10, 2011, ECF No. 5-5).

**II.    ANALYSIS**

The foreclosure was statutorily proper, so the section 108.070, quiet title, slander of title, bad faith, and abuse of process claims fail.  Next, foreclosure does not constitute "debt collection" under the state or federal fair debt collection statutes.  The claims for deceptive trade practices, unfair lending practices, and fraud fail under the respective statutes of limitations.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 5, 14) are GRANTED.

IT IS FURTHER ORDERED that the hearing set for November 7, 2011 is VACATED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 13th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge